This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38650

**ROSANA MAESTAS, by her
Power of Attorney, BEN MAESTAS,**

Plaintiff-Appellant,

v.

**LCJ, LLC, a New Mexico business
entity d/b/a BEEHIVE HOMES OF
RIO RANCHO #2,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Benjamin Chavez, District Judge**

Feliz A. Rael
Albuquerque, NM

Keller & Keller
Michael G. Duran
Albuquerque, NM

for Appellant

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Michelle A. Hernandez
Tomas J. Garcia
Lance D. Hough
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Plaintiff Ben Maestas, as personal representative of the Estate of Rosana Maestas, appeals from a judgment in favor of Defendant LCJ, LLC following a jury trial on Plaintiff's claim that Defendant was negligent in failing to keep its premises free of tripping hazards, causing injury to Ms. Maestas. Plaintiff argues that the judgment cannot stand because the district court erred by (1) excluding the testimony of Plaintiff's expert witness, (2) instructing the jury on independent intervening causation, (3) excluding evidence of regulations and refusing to instruct the jury about those regulations, and (4) giving a curative instruction about a comment made by Plaintiff's counsel during closing arguments. We affirm.

## DISCUSSION

### The District Court Did Not Abuse Its Discretion by Excluding the Testimony of Plaintiff's Expert Witness

**{2}** Plaintiff argues that the district court erred by excluding the testimony of his expert witness, Brock Carter, as unhelpful to the jury. Mr. Carter would have opined that Defendant could have used Velcro straps or zip ties to secure the electrical cord in this case and prevent it from being a tripping hazard. We conclude that the exclusion of this testimony by the district court was not an abuse of discretion; the ruling was not "obviously erroneous, arbitrary, or unwarranted," or "clearly against the logic and effect of the facts and circumstances before the court." *State v. Alberico*, 1993-NMSC-047, ¶¶ 58, 63, 116 N.M. 156, 861 P.2d 192.

**{3}** To be admissible, expert testimony must, among other things, "help the trier of fact to understand the evidence or to determine a fact in issue." Rule 11-702 NMRA. Another, "closely related" requirement is that "an expert may testify *only* as to 'scientific, technical or other specialized knowledge.'" *Alberico*, 1993-NMSC-047, ¶ 45 (emphasis added) (quoting Rule 11-702). Inferences that are "within the ken of the average lay juror" are generally inadmissible as expert testimony because they neither involve specialized knowledge nor help the trier of fact. *Mott v. Sun Country Garden Prods., Inc.*, 1995-NMCA-066, ¶ 34, 120 N.M. 261, 901 P.2d 192.

**{4}** In arguing that Mr. Carter's testimony would have been helpful to the jury, Plaintiff focuses on the fact that in *Reilly v. La Montanita Food Coop.*, A-1-CA-30084, mem. op. (N.M. Ct. App. Apr. 26, 2012) (nonprecedential), this Court reasoned that the plaintiff had met his burden of showing that the jury would have benefitted from Mr. Carter's opinions on safety precautions the defendant could have taken. The instant case is distinguishable from *Reilly* because, in *Reilly,* Mr. Carter's opinions were drawn from "specialized technical knowledge gained through his years of experience in the field of safety." *Id.* at *3. In other words, the average lay juror might not have been able to conceive of all of the safety precautions that, in Mr. Carter's expert opinion, would have made the premises less hazardous. Here, however, no specialized knowledge was required to arrive at the opinion in the proffered testimony by inference from the facts of the case. Because the average lay juror would be able to independently conceive of methods for securing electrical cords, we find no abuse of discretion in the

district court's decision to exclude the proffered expert testimony as unhelpful to the jury.[1]

**Plaintiff Was Not Prejudiced by the Jury Instruction on Independent Intervening Causation**

**{5}**      We review de novo whether the jury instructions "correctly state the law and are supported by the evidence introduced at trial." *Chamberland v. Roswell Osteopathic Clinic, Inc.*, 2001-NMCA-045, ¶ 11, 130 N.M. 532, 27 P.3d 1019 (internal quotation marks and citation omitted). In civil cases, only those errors that "affect the substantial rights of the parties" demand reversal. Rule 1-061 NMRA. In determining whether an error had such an effect, we "resolve all doubt in favor of the complaining party," and we will reverse upon "the slightest evidence of prejudice." *Kennedy v. Dexter Consol. Schs.*, 2000-NMSC-025, ¶ 26, 129 N.M. 436, 10 P.3d 115. When the evidence did not support giving the challenged instruction to the jury, "prejudice is presumed." *Chamberland*, 2001-NMCA-045, ¶ 26.

**{6}**      The affirmative defense of independent intervening cause is "founded on public policy . . . recogniz[ing] that once a plaintiff establishes negligence and causation in fact, the potential scope of liability could be endless unless courts create reasonable outer limits." *Id.* ¶ 17. Because "[a]n instruction on independent intervening cause presupposes a defendant's negligence and causation in fact," one should not be given where "the evidence demonstrates no more than a simple dispute over causation in fact." *Id.* ¶ 19; *see Silva v. Lovelace Health Sys., Inc.*, 2014-NMCA-086, ¶ 18, 331 P.3d 958 ("[I]f . . . the issue revolves only around whether the defendant's negligence was the cause in fact of the plaintiff's injury, then it is error to give an instruction on independent intervening cause.").

**{7}**      Here, the district court erred in granting the Defendant's independent intervening cause instruction because the theories of defense were based on lack of causation in fact, not the existence of an independent intervening cause. In presenting its case to the jury, Defendant called only one witness, a physician whose expert opinion was that a spontaneous bone fracture caused Ms. Maestas to fall and, therefore, the placement of the electrical cord was not a cause in fact of her injury. Then in her closing argument, defense counsel asked the jury to find in Defendant's favor based on any of the following three theories that no act or omission of Defendant was a cause in fact of Ms. Maestas's injury: (1) Defendant did not cause the cord to be on the ground, (2) Ms. Maestas tripped on the bed itself, and (3) "the fall didn't cause the hip fracture." Because Defendant, like the defendants in *Chamberland*, was "merely arguing lack of

---

[1]Insofar as Plaintiff contends that the testimony would have been helpful to the jury because Mr. Carter's expert opinion was that, under the circumstances, ordinary care *required* the use of Velcro straps or zip ties, we do not review the argument because it is unpreserved; Plaintiff did not make an offer of proof to that effect, and the substance of the evidence was not apparent from the context. *See* Rule 11-103(A)(2) NMRA; *see also Nichols Corp. v. Bill Stuckman Const., Inc.*, 1986-NMSC-077, ¶ 16, 105 N.M. 37, 728 P.2d 447 (explaining that the exclusion of evidence cannot be deemed erroneous where the substance of the evidence was not "made known to the trial court by offer or . . . context" and that, accordingly, "[a]n offer of proof is essential to preserve error where evidence has been excluded").

causation, not an independent intervening cause," Defendant was entitled only to "the basic instruction on proximate cause, UJI 13-305 NMRA . . ., unadorned by any reference to independent intervening cause and without a separate instruction on that issue." *Chamberland*, 2001-NMCA-045, ¶ 13.

{8}     However, the district court's decision to grant the inapposite independent intervening cause instruction here does not require reversal because the jury's verdict was that Plaintiff failed to prove by a preponderance of the evidence that Defendant acted negligently, not that Plaintiff failed to prove causation. The special verdict in *Chamberland* was that at least one of the defendants was negligent but that any negligence on the defendants' part had not proximately caused the plaintiff's injuries and damages. *Id.* ¶ 10. Because the verdict was that causation was lacking, the verdict could have been affected by the "interjection of a false issue into the trial" via the independent intervening cause instruction, and this Court reversed for a new trial. *Id.* ¶¶ 23, 26 (internal quotation marks and citation omitted). Here, by contrast, the independent intervening cause instruction could not have affected the verdict. In this case, the special verdict form directed the jury to analyze causation *only* if it found that Defendant was negligent—specifically, if it found that Defendant, "charged with knowledge of any condition on the premises of which [it] would have had knowledge had it made a reasonable inspection of the premises"; did not exercise the care that "a reasonably prudent person would use" under "all the surrounding circumstances"; and "permitted an electrical cord to remain on the floor, creating a tripping hazard." We presume that the jury followed those instructions, *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 59, 146 N.M. 853, 215 P.3d 791, and therefore conclude that because the jury answered "no" to the question of whether Defendant was negligent, its verdict was that Defendant did nothing negligent in the first place, not that forces other than Defendant's tortious conduct caused Ms. Maestas's injury. Stated differently, because the jury never reached the issue of causation at all, the independent intervening cause instruction had no impact on the verdict. Accordingly, we hold that although that instruction was given in error, the error does not require a new trial.

**The District Court Did Not Err in Excluding References to and Denying Jury Instructions Incorporating Certain Regulations Applicable to Assisted Living Facilities for Adults**

{9}     The district court excluded evidence of 7.8.2.42(B) NMAC—which provides that "[f]loors shall be maintained stable, firm and free of tripping hazards" at assisted living facilities for adults—and of 7.8.2.66(B) NMAC—which provides that, at such facilities, "staff shall be instructed as part of their duties to constantly strive to detect and eliminate potential safety hazards"—and then denied Plaintiff's request for a jury instruction about those regulations. On appeal, Plaintiff contends that these rulings were erroneous and that because of the errors, the jury was not made aware that "Defendant had a duty to be specifically mindful of tripping hazards as part of its duty of ordinary care." *See generally* UJI 13-1504 NMRA use note (permitting district courts to bring a statute or ordinance to the jury's attention when it "is relevant to an issue in the case

other than negligence per se"). We are not persuaded that either ruling warrants reversal. We discuss each ruling in turn.

**{10}** We conclude that the district court's exclusion of evidence of the regulations was not an abuse of its broad discretion under Rule 11-403. *See Norwest Bank N.M., N.A. v. Chrysler Corp.*, 1999-NMCA-070, ¶ 39, 127 N.M. 397, 981 P.2d 1215. Assuming without deciding that the court erred by concluding that the evidence was irrelevant, the court's Rule 11-403 ruling was not "clearly against the logic and effect of the facts and circumstances of the case." *Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 36, 127 N.M. 47, 976 P.2d 999 (internal quotation marks and citation omitted). Plaintiff has not persuaded us that, under the facts of this case, it would be illogical to conclude that the probative value of the specific regulations at issue here was low, especially because there was no negligence per se claim. Since this case only involved negligence, the district court could have reasonably concluded that admitting references to the regulations would have presented risks of confusing the issues or misleading the jury, especially because liability did not hinge on whether Defendant-Appellee violated the regulations. Plaintiff has not persuaded us that it was arbitrary, fanciful, or unreasonable, *Edens v. Edens*, 2005-NMCA-033, ¶ 13, 137 N.M. 207, 109 P.3d 295, for the district court to conclude that the danger of prejudice, confusion or misleading the jury substantially outweighed the probative value of the regulations. Because there are valid reasons in support of the district court's ruling, the existence of reasons detracting from that ruling do not require reversal under our deferential standard of review. *See Ross v. Negron-Ross*, 2017-NMCA-061, ¶ 17, 400 P.3d 305.

**{11}** As for the district court's rejection of Plaintiff's proposed jury instruction based on the regulations and UJI 13-1504, reviewing the issue de novo, *Akins v. United Steelworkers of Am.*, 2009-NMCA-051, ¶ 42, 146 N.M. 237, 208 P.3d 457, we conclude that the district court did not err. The given instructions conveyed that Defendant had a duty to redress tripping hazards, including those created by electrical cords. Specifically, the given instructions allowed the jury to conclude that Defendant was negligent if it found that Defendant had "permitted an electrical cord to remain on the floor, creating a tripping hazard," and the given instructions informed the jury that a premises owner's "duty to exercise ordinary care to keep the premises safe" extends to hazards that could be made known to the owner upon "a reasonable inspection of the premises." Considering the instructions as a whole, as we must, we conclude that the district court's refusal to give UJI 13-1504 was not reversible error because the given instructions "adequately cover[ed] the issue." *Sonntag v. Shaw*, 2001-NMSC-015, ¶ 15, 130 N.M. 238, 22 P.3d 1188 (internal quotation marks and citation omitted)*.*

**The District Court Did Not Abuse Its Discretion in Its Attempt to Cure a Comment by Plaintiff's Counsel During Closing Arguments**

**{12}** Finally, Plaintiff argues that the district court acted contrary to law, prejudicing Plaintiff, when the court attempted to cure what it perceived as an improper comment by Plaintiff's counsel during closing arguments. Recognizing that our district courts "are afforded broad discretion in managing closing arguments because they are in the best

position to assess the impact of allegedly improper statements by counsel," we review whether the district court abused that discretion here and whether the circumstances were so exceptional that reversal is required. *State v. Dominguez*, 2014-NMCA-064, ¶ 22, 327 P.3d 1092.

**{13}** Before trial, the court dismissed Plaintiff's claim for punitive damages and ruled that neither party "should ask the jury to render its verdict to 'send a message' or to act as 'the conscience of the community.'" At trial, the parties stipulated to a jury instruction that included the admonition that "[n]either sympathy nor prejudice should influence your verdict." Plaintiff's counsel ended her closing argument with the comment, "Today, I hope that you will go home and tell your loved ones that you are part of a very important case that encouraged a business to change the way it does business in a way that could potentially save lives." Defendant objected, and the district court decided to issue a curative instruction admonishing the jury not to do as Plaintiff's counsel had suggested—that is, not to deliberate on the societal impact of its verdict. We see no abuse of discretion in the district court's decision to instruct the jury—consistent with both its pretrial ruling, unchallenged by Plaintiff on appeal, and the general rule that the jury's deliberations should be free of passion and prejudice—that it should disregard counsel's invitation to consider the greater impact of its verdict. *Compare* UJI 13-1827 NMRA (permitting, in cases where a claim for punitive damages reaches the jury, the award of damages "for the limited purposes of punishment and to deter others from the commission of like offenses" in an amount based on "all the circumstances," including the nature and enormity of the wrong, aggravating and mitigating circumstances, the property or wealth of the defendant, and the injury and the amount of compensation awarded for it), *with Enriquez v. Cochran*, 1998-NMCA-157, ¶ 135, 126 N.M. 196, 967 P.2d 1136 (recognizing that, in other contexts, juries are not supposed to consider "the degree of burden that might result from [their] verdict or judgment" (internal quotation marks and citation omitted)).

**CONCLUSION**

**{14}** We affirm.

**{15} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**